# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DAVID PAGE　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #143815

v.　　　　　　　　　　　　　　　5:17CV00096-BRW-JJV

BLAND, APN, Tucker Max; *et al.*　　　　　　　　　　　　　　　　　　　　DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

　　1.　　Why the record made before the Magistrate Judge is inadequate.

　　2.　　Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

　　3.　　The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

David Page ("Plaintiff") is incarcerated at the Maximum Security Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff alleges Defendant Bland refused to provide him medical treatment, demonstrating deliberate indifference to his serious medical needs. (*Id*. at 3-4.) He also states Defendants William P. Benton and Rory L. Griffin found his grievance on this issue to be without merit. (*Id*. at 4.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff states he sought treatment for pain in his right wrist, left knee, and left eye. (Doc. No. 2 at 3.) Defendant Bland asked how old his injuries were, and Plaintiff responded he injured his wrist in 2009 and the knee injury was an old football injury. (*Id*.) Defendant Bland stated she could not do anything to treat an injury more than ten years old. (*Id*.) Plaintiff pointed out his wrist injury was only seven years old, and she responded she could not do anything to treat an injury more than five years old. (*Id*.) According to Plaintiff, "I said you just said ten years and I asked if she was crazy and she said ain't no one going to cuss me and think they are going to get any treatment then she told the officers to get me out of there." (*Id*. at 3-4.) Plaintiff states he filed a grievance, which Defendant Benton, Health Services Administrator, found to be without merit; Plaintiff appealed to Defendant Griffin, Deputy Director, who found the appeal to be without merit. (*Id*. at 4.) Plaintiff seeks medical treatment, including surgery to repair his wrist, as well as monetary damages for his alleged pain and suffering. (*Id*.)

Plaintiff has failed to state a viable claim against Defendants Benton and Griffin. The denial of grievances does not rise to the level of a constitutional claim. *Lomholt v. Holder*, 287 F.3d 683,

3

684 (8th Cir. 2002) (per curiam); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (stating that a prison grievance procedure is a procedural right only; it does not confer any substantive right and does not give rise to a protected liberty interest).

Plaintiff has also failed to state a viable claim against Defendant Bland. A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). First, it is unlikely that treatment for injuries as old as Plaintiff's could be considered serious medical needs. Second, even construing the Complaint in his favor, Plaintiff has failed to allege facts sufficient to show deliberate indifference. According to Plaintiff's own allegations and the responses to the grievance attached to his Complaint, Plaintiff was turned away from treatment for two reasons. He made an offensive comment to Defendant Bland and the treatment he requested – an increased dosage of nortriptyline – was not medically indicated and not medically necessary to treat injuries more than five years old. (Doc. No. 2 at 3, 6-7.) Moreover, Plaintiff's allegations are that Defendant Bland refused to treat Plaintiff that day. He makes no allegation she refused treatment beyond this one incident. In short, Plaintiff has failed to allege facts sufficient to state a constitutional claim of deliberate indifference that is plausible on its face.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 10th day of April, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."